IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-01-756 |
| § | CIVIL ACTION NO. 06-2110 |
| ALFREDIA REED PROCTOR, § | |
| § | |
| Defendant/Movant. § | |

**MEMORANDUM AND RECOMMENDATION**
**DENYING GOVERNMENT'S MOTION TO DISMISS**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 Movant Alfredia Reed Proctor's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum in Support (Document No. 152), and the Government's Response and Motion to Dismiss as Time Barred (Document No. 157). Having considered the § 2255 Motion to Vacate, Set Aside or Correct Sentence, the Government's Response and Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case and before the Fifth Circuit Court of Appeals on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss be DENIED, and that the Government be required to file a further responsive pleading which addresses Proctor's claims on the merits.

**I.     Introduction and Procedural History**

Movant Alfredia Reed Proctor ("Proctor"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This

is Proctor's first motion pursuant to § 2255.

On February 27, 2002, Proctor was charged by superseding indictment, along with one co-defendant, with conspiracy to commit mail and health care fraud (count one), mail fraud (count two), health care fraud (court three), criminal forfeiture (count four), and making a false statement on a federal income tax return (counts six, seven and eight). (Document No. 34). Proctor pleaded not guilty and proceeded to trial. On September 20, 2002, following a twelve day jury trial and the Government's dismissal of the forfeiture count in lieu of a civil forfeiture proceeding, a jury found Proctor guilty of counts 1, 3, 7, and 8, and not guilty of counts 2 and 6. (Document No. 83). Thereafter, following the preparation of a presentence investigation report, to which Proctor filed objections (Document No. 97), the District Court sentenced Proctor to 60 months confinement on count one, 96 months confinement on count three, and 36 months confinement on counts 7 and 8, with all terms of confinement to run concurrently, a three year term of supervised release on counts 1 and 3, and a one year term of supervised release on counts 7 and 8, and restitution in the amount of $2,864,923.00. (Document No. 106). A Judgment of Conviction was entered on March 20, 2003. (Document No. 114).

Proctor appealed her conviction to the Fifth Circuit Court of Appeals. In an unpublished panel opinion entered on December 30, 2004, the Fifth Circuit affirmed Proctor's conviction. (Document No. 147). Proctor's petition for rehearing was granted, but again her conviction and sentence were affirmed in an Order entered on March 31, 2005. (Document Nos. 148). Proctor did not file a petition for writ of certiorari with the United States Supreme Court. On or about June 22, 2006, Proctor filed her § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 152). The Government has filed a Response and Motion to Dismiss as Time

Barred (Document No. 157), to which Proctor has filed a Reply in opposition (Document No. 160).

## II. Claims

Proctor raises essentially two claims in this § 2255 proceeding:

1. that her sentence, which was based on facts and factors found by the District Court, violates her Fifth Amendment and Sixth Amendment rights, as set forth by the Supreme Court in *United States v. Booker*, 125 S.Ct. 738 (2005); and

2. that her trial counsel was ineffective for failing to file a petition for writ of certiorari with the United States Supreme Court.

## III. Discussion – Limitations

The Government argues in its Response and Motion to Dismiss that Proctor's claims are time barred. According to the Government, Proctor's conviction became final on March 30, 2005, ninety days after the Fifth Circuit affirmed her conviction. Because her § 2255 motion was filed more than one year thereafter, on or about June 22, 2006, the Government maintains that it is subject to dismissal as time-barred.

28 U.S.C. § 2255 specifically provides for a one-year statute of limitations as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, the Government mistakenly calculates the date Proctor's conviction became final. While the Fifth Circuit did, initially, affirm Proctor's conviction on December 20, 2004, the Fifth Circuit granted Proctor's petition for rehearing, reconsidered Proctor's claims in light of the recently decided case of *Booker*, and again affirmed Proctor's conviction, all in an Order entered on March 31, 2005. (Document No. 148). Proctor then had ninety days from March 31, 2005, or until to June 29, 2005, to file a petition for writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13.3 ("if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment"); *see also United States v. Franklin*, 2004 W.L. 287561 at *1 (E.D. La. 2004) (finding § 2255 motion timely when it was filed "within one year and ninety days of the rehearing decision"); *United States v. Wall*, 456 F.3d 316, 320 (3d Cir. 2006) ("We hold than when we grant permission for an aggrieved party to file a petition for rehearing out-of-time, the one-year calendar for filing § 2255 petitions starts anew ninety days after the order denying the petition is filed.). Only upon the expiration of that 90 day period for filing a petition for writ of certiorari did Proctor's conviction become final.

Given that Proctor's conviction became final on June 29, 2005, Proctor had until June 29, 2006, to file a timely § 2255 motion. Proctor's motion was signed by her on June 20, 2006, placed in the mail to the Court on June 21, 2006, and received by the Clerk and docketed on June 22, 2006, all before the expiration of § 2255's one year limitations period. Thus, Proctor's § 2255 motion was timely filed, and the Government's Motion to Dismiss as Time Barred must be denied.

## IV.    Conclusion and Recommendation

Based on the foregoing, and the conclusion that Movant Alfredia Reed Proctor's § 255 Motion to Vacate, Set Aside or Correct Sentence was timely filed, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 157) be DENIED, and that the Government be required to file a further responsive pleading addressing the merits of Proctor's claims.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston,

Texas 77208.

    Signed at Houston, Texas, this 15th day of November, 2006.

                                                      Frances H. Stacy
                                                      United States Magistrate Judge