IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFREDIA REED PROCTOR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-06-2110 |
| | § | |
| UNITED STATES OF AMERICA, | § | Criminal No. H-01-756 |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION GRANTING THE GOVERNMENT'S MOTION TO DISMISS**

Before the Magistrate Judge is the United States' Response and Motion to Dismiss (Instrument No. 164), and Alfredia Proctor's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Instrument No. 152). Having considered Proctor's § 2255 Motion, the United States' Response and Motion to Dismiss, the record of the proceedings in the underlying criminal case and on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion to Dismiss be GRANTED, that Proctor's Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

**I.    Introduction and Procedural History**

Petitioner Alfredia Reed Proctor ("Proctor"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Proctor's first motion pursuant to § 2255.

On February 27, 2002, Proctor was charged by superseding indictment, along with one co-

defendant, with conspiracy to commit mail and health care fraud (count one), mail fraud (count two), health care fraud (count three), criminal forfeiture (count four), and making a false statement on a federal income tax return (counts six, seven, and eight). (Instrument No. 34). Proctor pleaded not guilty and proceeded to trial. On September 20, 2002, following a twelve day jury trial and the Government's dismissal of the forfeiture count in lieu of a civil forfeiture proceeding, a jury found Proctor guilty of counts 1, 3, 7, and 8, and not guilty of counts 2 and 6. (Instrument No. 83). Thereafter, following the preparation of a presentence investigation report, to which Proctor filed objections (Instrument No. 97), the District Court sentenced Proctor to 60 months confinement on count one, 96 months confinement on count three, and 36 months confinement on counts 7 and 8, with all terms of confinement to run concurrently, a three year term of supervised release on counts 1 and 3, and a one year term of supervised release on counts 7 and 8, and restitution in the amount of $2,864,923.00. (Instrument No. 106). A Judgment of Conviction was entered on March 20, 2003. (Instrument No. 114).

Proctor appealed her conviction to the Fifth Circuit Court of Appeals. In an unpublished panel opinion entered on December 30, 2004, the Fifth Circuit affirmed Proctor's conviction. (Instrument No. 147). Proctor's petition for rehearing was granted, but again her conviction and sentence were affirmed in an Order entered on March 31, 2005. (Instrument No. 148). Proctor did not file a petition for writ of certiorari with the United States Supreme Court. On or about June 22, 2006, Proctor filed her § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Instrument No. 152). The Government has filed a Response and Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted (Instrument No. 164), to which Proctor has filed a Response in opposition (Instrument No. 166).

**II.   Claims**

Proctor raises essentially two claims in this § 2255 proceeding:

1. that her sentence, which was based on facts and factors found by the District Court, violates her Fifth Amendment and Sixth Amendment rights, as set forth by the Supreme Court in *United States v. Booker*, 125 S.Ct. 738 (2005); and

2. that her trial counsel was ineffective for failing to file a petition for writ of certiorari with the United States Supreme Court.

**III.   Standard of Review**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well pleaded facts as true and view them in a light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the plaintiff must plead specific facts and cannot rely on conclusory allegations. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Court must also resolve all doubts in favor of the plaintiff and only dismiss the claim if it appears that the plaintiff cannot prove any facts in support of his claim that would entitle him to relief. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).

**IV.   Discussion**

   **A.   *Booker* Claim**

Proctor argues that the sentence imposed by the District Court violates her Sixth Amendment rights in light of *United States v. Booker*, 543 U.S. 220 (2005) which held that the mandatory sentencing guidelines under *Blakely v. Washington*, 542 U.S. 220 (2004) were unconstitutional. She contends that she was denied the benefit of the advisory nature of sentencing guidelines mandated by

the *Booker* decision on January 12, 2005, because her appeal was heard and decided by the Fifth Circuit Court of Appeals on December 30, 2004.

Proctor's claims, however, were considered by the Fifth Circuit Court of Appeals in the rehearing on March 31, 2005 (Instrument No. 148). After the *Booker* decision was issued, the Fifth Circuit received additional briefing for the rehearing regarding the effect on Proctor's sentence of the *Booker* decision. (Instrument No. 148). While in the rehearing the Fifth Circuit held that it was plain error for the District Court to have increased Proctor's sentence based on evidence not considered by the jury, it also held that Proctor could not carry her burden of showing that the error affected her substantive rights. *Id.* The Fifth Circuit concluded that there was no evidence that the District Court would have sentenced Proctor differently under an advisory guideline system pursuant to *Booker*, as opposed to the mandatory one under *Blakely*. *Id.* Even though Proctor argued that the District Court felt bound to follow the sentencing guidelines, the Fifth Circuit concluded that given the seriousness of the crime, there was no evidence the District Court would have arrived at a different conclusion under an advisory system. *Id.* The Fifth Circuit then affirmed the District Court's judgment and sentence and denied a rehearing en banc. *Id.*

The Fifth Circuit considered and rejected Proctor's claim both on appeal under *Blakely*, and on rehearing in light of *Booker*. Proctor's *Booker* claim is subject to dismissal because claims that were rejected on direct appeal cannot be relitigated in a § 2255 proceeding such as this. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (explaining that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions), *cert. denied*, 476 U.S. 1118 (1986).

### B. Ineffective Assistance of Counsel Claim

Proctor also argues that her appellate counsel provided ineffective assistance because he failed to file a petition for a writ of certiorari with the Supreme Court of the United States in violation of her Sixth Amendment rights. Proctor's claim is premised on the theory that her sentence was unconstitutional because it was based on the mandatory sentencing guideline system under *Blakely,* and not was not changed after the *Booker* decision was issued. She contends that after her sentence was affirmed on rehearing by the Fifth Circuit, her appellate counsel should have filed a petition for a writ of certiorari with the Supreme Court.

The Supreme Court has held that there is no Sixth Amendment right to counsel to pursue a discretionary review of a lower court decision. *United States v. Thomas*, 33 Fed.Appx. 446, 448 (10th Cir. 2002). Review by the Supreme Court is purely discretionary, and therefore there is no constitutional right to counsel in the filing of a writ of certiorari. *Id.* Therefore, because Proctor did not have a constitutional right to counsel, she was not deprived of effective assistance of counsel when her attorney did not file a petition for a writ of certiorari with the Supreme Court.

### V. Conclusion and Recommendation

Because the Fifth Circuit Court of Appeals properly considered Proctor's *Booker* claim and affirmed her sentence on rehearing after the *Booker* decision was issued, she cannot relitigate that claim in a § 2255 Motion. Additionally, because there is no constitutional right to counsel for discretionary appeals, Proctor's Sixth Amendment rights were not violated when her appellate counsel did not file a writ of certiorari with the Supreme Court. Accordingly, the Magistrate Judge hereby

RECOMMENDS that the United States' Motion to Dismiss (Instrument No. 164) be GRANTED, that Proctor's Motion to Vacate, Set Aside or Correct Sentence (Instrument No. 152) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within ten days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 27th day of August, 2007.

Frances H. Stacy
United States Magistrate Judge